IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Achates Reference Publishing, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> BMC Software Inc., Borland Software Corporation, Citrix Systems, Inc., The MathWorks, Inc., Dassault Systèmes SolidWorks Corp., MindJet, LLC, McAfee Corporation, Bentley Systems Inc., and Intuit Inc., <br><br> Defendants. | Civil Action No. 2:09-cv-00355-TJW <br><br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT INTUIT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF ACHATES REFERENCE PUBLISHING, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

For its Answer to Plaintiff Achates Reference Publishing, Inc.'s ("Achates") First Amended Complaint for Patent Infringement and Jury Trial Demand ("Amended Complaint"), Defendant and Counterclaimant Intuit Inc. ("Intuit") responds as follows, with each paragraph of the Answer below responding to the corresponding numbered paragraphs of the Amended Complaint.

## PARTIES

1.  Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint, and accordingly, denies the same.

2. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Amended Complaint, and accordingly, denies the same.

3. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint, and accordingly, denies the same.

4. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Amended Complaint, and accordingly, denies the same.

5. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Amended Complaint, and accordingly, denies the same.

6. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Amended Complaint, and accordingly, denies the same.

7. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint, and accordingly, denies the same.

8. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint, and accordingly, denies the same.

9.      Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint, and accordingly, denies the same.

10.     Intuit admits that it is a Delaware corporation. Intuit's principal place of business is 2700 Coast Avenue, Mountain View, California 94043. Intuit's agent for service of process in Texas is the Prentice-Hall Corp. System, Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Except as so admitted, Intuit denies the remaining allegations in paragraph 10 of the Amended Complaint.

## JURISDICTION AND VENUE

11.     Intuit admits that the Amended Complaint purports to arise under Title 35 of the United States Code, but denies any infringement or liability. Intuit admits that this Court would appear to have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) at this juncture. Nevertheless, Intuit notes that parties cannot confer subject matter jurisdiction on a federal court. To the extent not expressly admitted, Intuit denies all remaining allegations in paragraph 11 of the Amended Complaint.

12.     Intuit admits that this Court has personal jurisdiction over it for purposes of this action only. As to the allegations in paragraph 12 of the Amended Complaint regarding the other named defendants in this action, Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations, and accordingly, denies the same. Except as so admitted, Intuit denies the remaining allegations in paragraph 12 of the Amended Complaint.

13.     Intuit admits that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b), but denies that this Court is the most convenient forum. Intuit denies any and all remaining allegations in paragraph 13 of the Amended Complaint.

# PATENT INFRINGEMENT

14. Intuit admits that a copy of U.S. Patent No. 5,982,889 ("the '889 patent") is attached to the Amended Complaint as Exhibit A. Intuit further admits that the face of the '889 patent shows an issue date of November 9, 1999, and that the '889 patent is entitled "Method and Apparatus for Distributing Information Products" and lists Jason Paul DeMont as the named inventor. Intuit denies that the '889 patent was duly and legally issued. Except as so admitted, Intuit denies any and all remaining allegations in paragraph 14 of the Amended Complaint.

15. Intuit admits that a copy of U.S. Patent No. 6,173,403 ("the '403 patent") is attached to the Amended Complaint as Exhibit B. Intuit further admits that the face of the '403 patent shows an issue date of January 9, 2001, and that the '403 patent is entitled "Method and Apparatus for Distributing Information Products" and lists Jason Paul DeMont as the named inventor. Intuit admits that the '403 patent purports to be a continuation-in-part of U.S. Patent Application No. 08/845,805. Intuit denies that the '403 patent was duly and legally issued. Except as so admitted, Intuit denies any and all remaining allegations in paragraph 15 of the Amended Complaint.

16. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and accordingly, denies the same.

17. Intuit denies the allegations of paragraph 17 of the Amended Complaint. More specifically, Intuit denies that it has infringed the '889 patent, and denies that it has infringed the '403 patent. As to the allegations regarding other named co-defendants, Intuit is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly, denies the same

18. Intuit denies the allegations of paragraph 18 of the Amended Complaint. More specifically, Intuit denies that it has induced infringement of the '889 patent, and denies that it has contributed to infringement of the '889 patent. Intuit denies that it has induced infringement of the '403 patent, and denies that it has contributed to infringement of the '403 patent. As to the allegations regarding other named defendants, Intuit is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly, denies the same.

19. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Amended Complaint, and accordingly, denies the same.

20. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint, and accordingly, denies the same.

21. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint, and accordingly, denies the same.

22. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint, and accordingly, denies the same.

23. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Amended Complaint, and accordingly, denies the same.

24. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint, and accordingly, denies the same.

25. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Amended Complaint, and accordingly, denies the same.

26. Intuit is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint, and accordingly, denies the same.

27. Intuit denies the allegations of paragraph 27 of the Amended Complaint. More Specifically, Intuit denies that it has committed any acts of patent infringement.

28. Intuit is without knowledge or information sufficient to form a belief as to whether Achates has distributed software and whether such software was marked with the '889 and the '403 patents' numbers, and accordingly, denies the same. Intuit admits that Achates previously brought an action in this Court that purported to enforce the '889 and '403 patents. Intuit admits that as of receiving service of the original Complaint on November 13, 2009, it had actual notice of the '889 and '403 patents. Intuit denies that prior to the service of the original Complaint, it had actual notice of the '889 and '403 patents. Intuit denies that it has committed any acts of patent infringement. As to the allegations in paragraph 28 of the Amended Complaint regarding other named co-defendants, Intuit is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly, denies the same. Except as so admitted, Intuit denies the remaining allegations in paragraph 28 of the Amended Complaint.

29. Intuit denies the allegations in paragraph 29 of the Amended Complaint. More specifically, Intuit denies that it has committed any acts of patent infringement. As to the allegations in paragraph 29 of the Amended Complaint regarding other named co-defendants, Intuit is without knowledge or information sufficient to form a belief as to the truth of these allegations, and accordingly, denies the same.

## GENERAL DENIAL

Intuit denies all allegations contained in the Amended Complaint, except those expressly admitted in its Answer herein.

## DEMAND FOR RELIEF

With respect to the allegations in this section of the Amended Complaint, Intuit admits that Achates seeks the relief set forth therein, but denies that Achates is entitled to any of the relief requested against Intuit. Accordingly, Intuit denies the allegations in the "Demand for Relief."

## INTUIT'S AFFIRMATIVE DEFENSES

Intuit asserts the following affirmative defenses. By pleading these defenses, Intuit does not in any way agree or concede that it has the burden of proof or persuasion on any of these issues.

### First Affirmative Defense (Failure to State a Claim)

30. Achates' Amended Complaint and each purported claim against Intuit alleged therein, fails to state a claim upon which relief can be granted against Intuit.

### Second Affirmative Defense (Non-infringement)

31. Intuit has not and does not (a) literally infringe, (b) infringe under the doctrine of equivalents, (c) contributorily infringe or (d) induce infringement of any claim of the '889 or '403 patents.

### Third Affirmative Defense (Invalidity)

32. On information and belief, each and every claim of the '889 and '403 patents is invalid for failure to comply with the conditions for patentability in Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and the rules, regulations, and laws pertaining thereto.

### Fourth Affirmative Defense (Failure to Properly Plead Willful Infringement)

33. Achates' Amended Complaint fails to sufficiently aver that Intuit has willfully infringed the '889 and '403 patents and, accordingly, fails to state a claim for any willful infringement. Specifically, Achates fails to allege facts sufficient to demonstrate that Intuit's past, current or future activities constitute infringement that is willful.

### Fifth Affirmative Defense (Laches)

34. On information and belief, Achates' claims of alleged infringement are barred, in whole or part, under the doctrine of laches and/or statute of limitations.

### Sixth Affirmative Defense (Prosecution History Estoppel)

35. On information and belief, Achates' claims are barred by the doctrine of prosecution history estoppel.

### Seventh Affirmative Defense (Marking)

36. On information and belief, Achates' damages are limited or unavailable pursuant to 35 U.S.C. § 287.

### Eighth Affirmative Defense (Injunctive Relief)

37. On information and belief, Achates' claims for injunctive relief are barred because Achates has an adequate remedy at law.

### Ninth Affirmative Defense (Other Defenses Reserved)

38. Intuit expressly reserves the right to assert any other legal or equitable defenses that may now or in the future be available to Intuit based on discovery, applicable law or any other factual or legal matter.

### INTUIT'S COUNTERCLAIMS

Intuit Inc. ("Intuit") asserts the following counterclaims against Plaintiff Achates Reference Publishing, Inc. ("Achates").

### Parties

1. Intuit is incorporated under the laws of Delaware with a principal place of business at 2700 Coast Avenue, Mountain View, California 94043.

2. On information and belief, Achates is incorporated under the laws of Texas with a place of business at 3301 W. Marshall Ave., Ste. 102, Longview, Texas, 75604.

### Jurisdiction and Venue

3. This action arises under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*, and the Federal Declaratory Judgment Acts, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Intuit and Achates, and Intuit respectfully requests a declaration of its rights by this Court. The controversy relates to the non-infringement and invalidity of U.S. Patent No. 5,982,889 ("the '889 patent") and U.S. Patent No. 6,173,403 ("the '403 patent"), and to Achates' right to threaten and/or maintain a suit for infringement of

the '889 and '403 patents. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this judicial district over these Counterclaims under 28 U.S.C. §§ 1391(b) and (c).

## First Counterclaim

(Declaratory Judgment of Non-Infringement of the '889 and '403 patents)

5. Intuit re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-4 above.

6. In its First Amended Complaint for Patent Infringement and Jury Trial Demand ("Amended Complaint"), Achates alleges that it is the owner of the '889 and '403 patents. Achates alleges that Intuit infringed one or more claims of the '889 and '403 patents. Achates further alleges that such infringement was willful and that harm has been caused by Intuit.

7. Intuit has not been and is not now infringing (either literally or under the doctrine of equivalents), contributorily infringing or inducing infringement of any claim of the '889 and '403 patents and Intuit is not liable for damages arising from the claimed infringement.

8. Accordingly, a valid and justiciable controversy has arisen and exists between Intuit and Achates. Intuit desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited in paragraphs 6-7 above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the non-infringement.

## Second Counterclaim

(Declaratory Judgment of Invalidity of the '889 and '403 patents)

9. Intuit re-alleges and incorporates by reference herein the allegations of paragraphs 1-8 above.

10. Intuit contends that each and every claim of the '889 and '403 patents is void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

11. Intuit is informed and believes, and on that basis alleges, that Achates contends that the '889 and '403 patents are valid and enforceable.

12. Accordingly, a valid and justiciable controversy has arisen and exists between Intuit and Achates. Achates desires a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited in paragraphs 10-11 above. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**Demand for Relief**

WHEREFORE, Defendant/Counterclaimant Intuit prays for the following:

A. A judgment that Plaintiff take nothing by its Amended Complaint;

B. A judgment that Plaintiff's Amended Complaint against Intuit be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

C. A judgment that Intuit has not and does not infringe (either literally or under the doctrine of equivalents), contributorily infringe or induce infringement of any claim of the '889 and '403 patents;

D. A judgment that the claims of the '889 and '403 patents are invalid, and therefore, without any force or effect against Intuit;

E. A judgment that this case is exceptional, and that Intuit be awarded its reasonable attorneys' fees and its costs pursuant to 35 U.S.C. § 285; and

F. A judgment that such other relief is awarded to Intuit as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Intuit hereby demands a trial by jury for all claims and all issues in its Counterclaims properly triable thereby.

Respectfully submitted,

Dated: February 15, 2010        By: _/s/Melissa R. Smith_____

                                            Melissa R. Smith
                                            State Bar No. 24001351
                                            GILLAM & SMITH, L.L.P.
                                            303 South Washington Avenue
                                            Marshall, Texas 75670
                                            Telephone: (903) 934-8450
                                            Facsimile: (903) 934-9257
                                            melissa@gillamsmithlaw.com

                                         __/s/Denise L. McKenzie__
                                         Edward G. Poplawski
                                         Denise L. McKenzie
                                         Spencer W. Ririe
                                         Michael C. Lee
                                         SIDLEY AUSTIN LLP
                                         555 West Fifth Street, Suite 4000
                                         Los Angeles, California 90013
                                         Telephone: (213) 896-6000

                                         Attorneys For Defendant
                                         Intuit Inc.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 15th day of February, 2010.

/s/Melissa R. Smith
Melissa R. Smith