**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ACHATES REFERENCE PUBLISHING, INC**<br><br>　　　　**Plaintiff,**<br><br>**V.**<br><br>**BMC Software Inc., Borland Software Corporation, Citrix Systems, Inc., The MathWorks, Inc., Dassault Systemes SolidWorks Corp., MindJet, LLC, McAfee Corporation, Bentley Systems Inc., and Intuit Inc.,**<br><br>　　　　**Defendant.** | **Civil No.:  2:09-CV-00355**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT BORLAND SOFTWARE CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Borland Software Corporation ("Borland") hereby submits its Answer to Plaintiff Achates Reference Publishing, Inc.'s ("Achates") First Amended Complaint for Patent Infringement ("Complaint") as follows:

## THE PARTIES

**Complaint Paragraph 1:**

Plaintiff Achates is a Texas corporation, having an address at 3301 W. Marshall Ave., Ste 102, Longview, TX 75604.

**Answer to Complaint Paragraph 1:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint, and therefore denies them.

**Complaint Paragraph 2:**

Defendant BMC Software Inc. ("BMC") is a Texas corporation, having an address at

2101 CityWest Blvd., Houston, Texas 77042.  On information and belief, BMC is qualified to do

business in the State of Texas, Filing No. 7718406, and has appointed CT Corporation System,

350 N. St. Paul Street, Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 2:**

Borland is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 2 of the Complaint, and therefore denies them.

**Complaint Paragraph 3:**

Defendant Borland Software Corporation ("Borland") is a Delaware corporation, having

an address at 8310 Capital of Texas Highway North, Building Two, Suites 300 & 100, Austin,

Texas, 78731.  On information and belief, Borland is qualified to do business in the State of

Texas, Filing No 8213106, and has appointed CT Corporation System, 350 N. St. Paul Street,

Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 3:**

Admitted.

**Complaint Paragraph 4:**

Defendant Citrix Systems, Inc. ("Citrix") is a Delaware corporation having an address at

851 West Cypress Creek Road, Fort Lauderdale, FL 33309.  On information and belief, Citrix is

qualified to do business in the State of Texas, Filing No. 12585606, and has appointed

Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701,

as its agent for service of process.

**Answer to Complaint Paragraph 4:**

Borland is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 4 of the Complaint, and therefore denies them.

**Complaint Paragraph 5:**

Defendant The MathWorks, Inc. ("Mathworks") is a Delaware corporation, having an address at 3 Apple Hill Drive Natick, MA 01760-2098. On information and belief, MathWorks is qualified to do business in the State of Texas, Filing No. 800169431, and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 5:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore denies them.

**Complaint Paragraph 6:**

Defendant Dassault Systemes SolidWorks Corp. ("Solidworks") is a Delaware corporation, having an address at 300 Baker Avenue Concord, MA 01742. On information and belief, Solidworks is qualified to do business in the State of Texas, Filing No. 11580106, and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 6:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint, and therefore denies them.

**Complaint Paragraph 7:**

Defendant MindJet LLC. ("MindJet") is a California corporation, having an address at 1160 Battery St., San Francisco, CA, 94111. On information and belief, MindJet is qualified to do business in the State of Texas, Filing No. 800450183, and has appointed R. Scott Thompson 8824 Smokey Dr., Plano, TX 75025 as its agent for service of process.

**Answer to Complaint Paragraph 7:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore denies them.

**Complaint Paragraph 8:**

Defendant McAfee Corporation ("McAfee") is a Delaware corporation, having an address at 5000 Headquarters Dr., Plano, TX 75024. On information and belief, McAfee is qualified to do business in the State of Texas, Filing No 10383206, and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 8:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore denies them.

**Complaint Paragraph 9:**

Defendant Bentley Systems Inc. ("Bentley") is a Delaware corporation, having an address at 685 Stockton Drive, Exton, PA 19341. On information and belief, Bentley is qualified to do business in the State of Texas, Filing No. 10503306, and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201 USA, as its agent for service of process.

**Answer to Complaint Paragraph 9:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

**Complaint Paragraph 10:**

Defendant Intuit Inc. ("Intuit") is a Delaware corporation, having an address at 2632 Marine Way Mountain View, CA 94043. On information and belief, Intuit is qualified to do

business in the State of Texas, Filing No. 9523606, and has The Prentice-Hall Corporation, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

**Answer to Complaint Paragraph 10:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

**JURISDICTION AND VENUE**

**Complaint Paragraph 11:**

This is an action for patent infringement arising under patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Complaint Paragraph 11:**

Borland admits that this is an action for patent infringement and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against it in this suit, but Borland denies any liability thereunder.

**Complaint Paragraph 12:**

This Court has personal jurisdiction over the defendants because they all, either directly or through intermediates such as distributors, retailers, and others, regularly and systematically conduct and transact business within the State of Texas.  Defendants' business conduct and transactions include, but are not limited to, shipping, distributing, selling, and offering for sale material or products to companies, individuals, and other entities located in the State of Texas.

**Answer to Complaint Paragraph 12:**

Borland admits, for purposes of this litigation only, that this Court has personal jurisdiction over it.  Borland denies that it has committed or is committing any infringing activities in this or any other district.  Borland is without knowledge or information sufficient to

form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

**Complaint Paragraph 13:**

Venue is proper in this district pursuant to 28 U.S.C. §§1391 (b), (c).

**Answer to Complaint Paragraph 13:**

Borland lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint as they relate to all defendants, and on that basis, denies them.

## PATENT INFRINGEMENT

**Complaint Paragraph 14:**

On November 9, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,982,889 ("the '889 patent") entitled "Method and Apparatus for Distributing Information Products," with Jason Paul DeMont as sole inventor.  A true and correct copy of the '889 patent is attached as Exhibit A.

**Answer to Complaint Paragraph 14:**

Borland denies that the '889 patent was duly and legally issued.  Borland admits that the copy of the '889 patent attached to the Complaint indicates (1) its title as "Method and Apparatus for Distributing Information Products" (2) issuance on November 9, 1999 and (3) Jason Paul DeMont as the sole inventor.  Borland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the Complaint, and therefore denies them.

**Complaint Paragraph 15:**

On January 9, 2001, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,173,403 ("the '403 patent") entitled "Method and Apparatus for

Distributing Information Products," with Jason Paul DeMont as sole inventor.  The '403 patent is

a continuation-in-part of the '889 patent.  A true and correct copy of the '403 patent is attached

as Exhibit B.

**Answer to Complaint Paragraph 15:**

Borland denies that the '403 patent was duly and legally issued.  Borland admits that the

copy of the '403 patent attached to the Complaint indicates (1) its title as "Method and

Apparatus for Distributing Information Products" (2) issuance on January 9, 2001 (3) Jason Paul

DeMont as sole inventor and (4) that it is a continuation-in-part of application no. 08/845,805.

Borland is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in paragraph 15 of the Complaint, and therefore denies them.

**Complaint Paragraph 16:**

Achates is the owner by assignment of all right, title, and interest in and to the '889

patent and the '403 patent, with full and exclusive right to bring suit to enforce these patents.

**Answer to Complaint Paragraph 16:**

Borland is without knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

**Complaint Paragraph 17:**

In violation of 35 U.S.C. § 271, defendants have infringed the '889 patent and the

'403 patent by making, using, selling, and offering for sale software that uses the product

activation technology described and claimed in the '889 and '403 patents, without authority of

Achates.

**Answer to Complaint Paragraph 17:**

Borland denies the allegations of  paragraph 17 of the Complaint as they pertain to

Borland.  Borland is without knowledge or information sufficient to form a belief as to the truth

of the allegations regarding the other defendants, and therefore denies them.

**Complaint Paragraph 18:**

In violation of 35 U.S.C. § 271, defendants have induced and contributed to infringement of the '889 patent and the '403 patent.

**Answer to Complaint Paragraph 18:**

Borland denies the allegations of paragraph 18 of the Complaint as they pertain to Borland. Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

**Complaint Paragraph 19:**

Without limitation, Defendant BMC directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: MainView including but not limited to InTune. Such products infringe the '889 patent and the '403 patent by without limitation employing BMC Software Product Authorization.

**Answer to Complaint Paragraph 19:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore denies them.

**Complaint Paragraph 20:**

Without limitation, Defendant Borland directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing their customers to use, at least the following products: VisiBroker, Tempo and Together. Such products infringe the '889 patent and the '403 patent by without limitation employing Activation technology.

**Answer to Complaint Paragraph 20:**

Borland denies the allegations of paragraph 20 of the Complaint.

**Complaint Paragraph 21:**

Without limitation, Defendant Citrix directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: Citrix Access Suite and products that use the Citrix Activation System utilities. Such products infringe the '889 patent and the '403 patent by without limitation employing the Citrix Activation System.

**Answer to Complaint Paragraph 21:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint, and therefore denies them.

**Complaint Paragraph 22:**

Without limitation, Defendant Mathworks directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: MATLAB and Simulink product families. Such products infringe the '889 patent and the '403 patent by without limitation employing Activation technology.

**Answer to Complaint Paragraph 22:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint, and therefore denies them.

**Complaint Paragraph 23:**

Without limitation, Defendant Solidworks directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: SolidWorks and SolidWorks

Simulation software.  Such products infringe the '889 patent and the '403 patent by without limitation employing Activation technology.

**Answer to Complaint Paragraph 23:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, and therefore denies them.

**Complaint Paragraph 24:**

Without limitation, Defendant Mindjet directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: MindManager.  Such products infringe the '889 patent and the '403 patent by without limitation employing MANDATORY ACTIVATION technology.

**Answer to Complaint Paragraph 24:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore denies them.

**Complaint Paragraph 25:**

Without limitation, Defendant McAfee directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: pre-loaded software requiring activation, VirusScan USB, and McAfee Wireless Home Network Security Suite.  Such products infringe the '889 patent and the '403 patent by without limitation employing Forced Registration and/or Activation technology.

**Answer to Complaint Paragraph 25:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore denies them.

**Complaint Paragraph 26:**

Without limitation, Defendant Bentley directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: MicroStation, and InRoads Suite.  Such products infringe the '889 patent and the '403 patent by without limitation employing Bentley Product Licensing technology.

**Answer to Complaint Paragraph 26:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint, and therefore denies them.

**Complaint Paragraph 27:**

Without limitation, Defendant Intuit directly and indirectly infringes at least claim one of the '403 patent and claim one of the '889 patent by making, selling, distributing, and causing its customers to use, at least the following products: Quicken and QuickBooks suite of products.  Such products infringe the '889 patent and the '403 patent by without limitation employing forced Registration and/or Activation technology.

**Answer to Complaint Paragraph 27:**

Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint, and therefore denies them.

**Complaint Paragraph 28:**

Achates distributed software marked with the '889 patent and the '403 patent numbers.  Additionally, Achates has previously brought an action in this Court to enforce the '889 and '403 patents.  Upon information and belief, defendants were aware of the '889 patent and the '403 patent and their infringement has been, and continues to be, willful.

**Answer to Complaint Paragraph 28:**

Borland denies that it was aware of the '889 or '403 patents prior to the filing of this lawsuit.  Borland denies that it has ever infringed the '889 or '403 patents, willfully or otherwise.  Borland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore denies them.

**Complaint Paragraph 29:**

Achates has been harmed by defendants' infringement.  Such harm will continue unless the defendants are enjoined by this Court from further infringement.

**Answer to Complaint Paragraph 29:**

Borland denies the allegations of paragraph 29 of the Complaint as they pertain to Borland.  Borland is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other defendants, and therefore denies them.

## DEMAND FOR RELIEF

Borland denies that Achates is entitled to any relief requested in its Prayer for Relief or any other relief.

## DEMAND FOR JURY TRIAL

This paragraph requires no response.

## GENERAL DENIAL

Borland denies any allegations in the Complaint not specifically admitted in Borland's responsive pleadings above.

## AFFIRMATIVE DEFENSES

Borland asserts the following affirmative defenses to Achates' claims.  The assertion of an affirmative defense is not a concession that Borland has the burden of proving the matter asserted.

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**
**(Invalidity)**

The '889 and '403 patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116.

**Third Affirmative Defense**
**(35 U.S.C. § 287)**

Any claim for damages for patent infringement by Achates is limited by 35 U.S.C. § 287 to only those damages occurring after notice of infringement.

**Fourth Affirmative Defense**
**(Non-Infringement)**

Borland has not and does not infringe the '889 and '403 patents, either directly or indirectly, literally or under the doctrine of equivalents.

**Fifth Affirmative Defense**
**(Limitation on Damages)**

Achates' claims for monetary relief, if any, are limited to a reasonable royalty.

**Sixth Affirmative Defense**
**(No Injunctive Relief)**

Achates is not entitled to injunctive relief, because any purported injury to Achates is not irreparable, and Achates has an adequate remedy at law.

**Seventh Affirmative Defense**
**(Reservation of Additional Defenses)**

Borland reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation

concerning this case or any related action.

## JURY DEMAND

Borland demands a trial by jury of all issues so triable in this action.


Respectfully submitted,


Dated:  February 16, 2010                    By:  /s/ John M. Guaragna
                                                  John M. Guaragna (Bar No. 24043308)
                                                  Brian K. Erickson (Bar No. 24012594)
                                                  **DLA PIPER LLP (US)**
                                                  401 Congress Avenue, Suite 2500
                                                  Austin, TX  78701-3799
                                                  Tel: 512.457.7000
                                                  Fax: 512.457.7001


                                                  ATTORNEYS FOR DEFENDANT
                                                  Borland Software Corporation




## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of February 2010, all counsel of record

who are deemed to have consented to electronic service are being served with a copy of this

document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other

counsel of record will be served by a facsimile transmission and/or first class mail.



/s/ John M. Guaragna
John M. Guaragna