# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **ACHATES REFERENCE PUBLISHING, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BMC SOFTWARE INC., BORLAND SOFTWARE CORPORATION, CITRIX SYSTEMS, INC., THE MATHWORKS, INC., DASSAULT SYSTEMES SOLIDWORKS CORP., MINDJET, LLC, MCAFEE CORPORATION, BENTLEY SYSTEMS INC., and INTUIT INC.,**<br><br>**Defendants.** | Civil Action No. 2:09-cv-355 (TJW)<br>Hon. T. John Ward<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT MCAFEE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant McAfee Corporation ("McAfee") by and through its undersigned counsel, hereby responds to the First Amended Complaint For Patent Infringement ("Complaint") of Achates Reference Publishing, Inc. ("Achates"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows. McAfee denies each and every allegation contained in the First Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. McAfee denies that Achates is entitled to the relief requested or any other.

## PARTIES

1. On information and belief, McAfee does not deny that Achates is a Texas corporation having an address at 3301 W. Marshall Ave., Suite 102, Longview, TX 75604.

2. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and therefore denies the same.

3. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 3 and therefore denies the same.

4. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore denies the same.

5. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore denies the same.

6. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore denies the same.

7. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore denies the same.

8. McAfee admits that it is a Delaware corporation with an address at 5000 Headquarters Dr., Plano, TX 75024. McAfee admits that it is registered to do business in the State of Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201, as its agent for service of process in Texas.

9. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 and therefore denies the same.

10. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies the same.

**JURISDICTION AND VENUE**

11.     McAfee admits that this Complaint purports to state a claim of alleged patent infringement and that this Court has subject matter jurisdiction over patent claims.

12.     For the purposes of this case only, McAfee does not contest that this Court has personal jurisdiction over McAfee.  McAfee further admits that it is registered to do business in the State of Texas.  McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 regarding other defendants and therefore denies the same.

13.     McAfee denies that the propriety of venue is governed by 28 U.S.C. § 1391(b), but admits that venue in this District is proper under 28 U.S.C. § 1400(b) and § 1391(c). McAfee denies that this District is the most convenient venue for the adjudication of the claims raised by Achates in this action, and further states that transfer to another District may be appropriate under 28 U.S.C. § 1404.

**PATENT INFRINGEMENT**

14.     McAfee admits that on November 9, 1999, the United States Patent and Trademark Office issued U.S. Patent No. 5,982,889 ("the '889 patent") entitled "Method and Apparatus for Distributing Information Products."  McAfee admits that the '889 patent names Jason Paul DeMont as sole inventor.  McAfee admits that a true and correct copy of the '889 patent was attached to the Complaint as Exhibit A.  McAfee denies that the '889 patent was duly and legally issued by the United States Patent and Trademark Office, as the claims of the '889 patent do not comport with Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

15. McAfee admits that on January 9, 2001, the United States Patent and Trademark Office issued U.S. Patent No. 6, 173,403 ("the '403 patent") entitled "Method and Apparatus for Distributing Information Products." McAfee admits that the '403 patent names Jason Paul DeMont as sole inventor. McAfee admits that the '403 patent claims to be a continuation-in-part of the '889 patent. McAfee admits that a true and correct copy of the '403 patent was attached as Exhibit B to the Complaint. McAfee denies that the '403 patent was duly and legally issued by the United States Patent and Trademark Office, as the claims of the '403 patent do not comport with Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112.

16. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 16 and therefore denies the same.

17. McAfee denies the allegations of paragraph 17 to the extent they pertain to McAfee. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 as they pertain to the other defendants and therefore denies the same.

18. McAfee denies the allegations of paragraph 18 to the extent they pertain to McAfee and its customers. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 as they pertain to the other defendants and other third parties and therefore denies the same.

19. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19.

20. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and therefore denies the same.

21. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 and therefore denies the same.

22. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 and therefore denies the same.

23. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 and therefore denies the same.

24. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 and therefore denies the same.

25. McAfee admits that VirusScan USB and McAfee Wireless Home Network Security Suite are McAfee software products. McAfee otherwise denies the allegations of paragraph 25.

26. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 and therefore denies the same.

27. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 and therefore denies the same.

28. McAfee admits that Achates previously brought an action in this Court alleging infringement of the '889 and '403 patents. McAfee is without information or knowledge sufficient to form a belief as to whether Achates distributed software marked with the '889 patent or '403 patent numbers, and therefore denies the same. McAfee otherwise denies the allegations of paragraph 28 to the extent they pertain to McAfee. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 as they pertain to the other defendants and therefore denies the same.

29. McAfee denies the allegations of paragraph 29 to the extent they pertain to McAfee. McAfee is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 as they pertain to the other defendants and therefore denies the same.

30. While Achates' Demand for Relief does not require a response, McAfee denies that Achates is entitled to any relief whatsoever from McAfee, as prayed for or otherwise.

## AFFIRMATIVE DEFENSES

McAfee, as its Affirmative Defenses to the First Amended Complaint of Achates, states as follows. McAfee's assertion of these affirmative defenses shall not be interpreted to require McAfee to prove any fact for which Achates bears the burden of proof.

### FIRST AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

31. McAfee and the use of McAfee's products or services does not and has never infringed any claim of either the '403 patent or the '889 patent (the "Patents-in-Suit"). McAfee has not and does not infringe, contribute to the infringement of, or actively induce others to infringe any valid, enforceable claim of the Patents-in-Suit, either directly, indirectly, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE: INVALIDITY

32. The claims of the '403 and '889 patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, 112, and 132, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE: UNENFORCEABILITY

33. On information and belief, Achates unreasonably delayed in filing suit despite its awareness of the McAfee products accused of infringement in Achates' First Amended Complaint.

34. The Patents-in-Suit are unenforceable under the doctrines of laches, equitable estoppel, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE: LIMITATION ON DAMAGES

35. Achates' recovery for alleged infringement of the Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its complaint, pursuant to 35 U.S.C. § 286.

### FIFTH AFFIRMATIVE DEFENSE: FEDERAL GOVERNMENT USE

36. One or more McAfee products and/or services is used or manufactured by or for the United States and therefore, Achates' remedies are limited by the provisions of 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE: PROSECUTION HISTORY ESTOPPEL

37. Achates is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the Patents-in-Suit, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any of McAfee's products or services alleged to infringe the Patents-in-Suit, either literally or by application of the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE: NO INJUNCTION

38. Achates is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Achates has an adequate remedy at law for any claims it can prove.

### EIGHTH AFFIRMATIVE DEFENSE:  COSTS

39. Achates is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

### NINTH AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CLAIM

40. Achates' complaint fails to state a claim on which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE:  RESERVATION OF DEFENSES

41. McAfee expressly reserves the right to allege and assert additional defenses as McAfee becomes aware of them.

### JURY DEMAND

42. Pursuant to Local Rule CV-38.1 and Fed. R. Civ. P. 38, McAfee hereby demands a trial by jury on all issues relating to Achates so triable in this action.

### PRAYER FOR RELIEF

McAfee requests that the Court grant it the following relief:

A. Judgment in McAfee's favor, dismissing Achates' complaint with prejudice and ordering that Achates be awarded no relief;

B. That the Court find that this case is an exceptional case under 35 U.S.C. § 285, and enter judgment awarding McAfee its attorneys' fees;

C. That the Court declare McAfee the prevailing party and award McAfee its costs; and

D. That the Court grant McAfee whatever further relief the Court deems just and proper.

**Dated:** February 16, 2010 Respectfully submitted,

By: */s/ David J. Healey*
David J. Healey
Texas State Bar No. 09327980
E-mail: Healey@fr.com
**FISH & RICHARDSON P.C.**
1 Houston Center
1221 McKinney Street, Suite 2800
Houston, TX 77010
713-654-5300 (Telephone)
713-652-0109 (Facsimile)

Ruffin B. Cordell
Texas State Bar No. 04820550
E-mail: Cordell@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005
202-783-5070 (Telephone)
202-783-2331 (Facsimile)

OF COUNSEL:

Indranil Mukerji
E-mail: Mukerji@fr.com
**FISH & RICHARDSON P.C.**
1425 K Street, N.W.
Suite 1100
Washington, D.C. 20005
202-783-5070 (Telephone)
202-783-2331 (Facsimile)

Attorneys for Defendant
MCAFEE CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 16, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail and/or first class mail.

Charles Ainsworth
Robert Christopher Bunt
Parker Bunt & Ainsworth
100 E. Ferguson
Suite 1114
Tyler, TX 75702

Sidney Calvin Capshaw, III
Elizabeth L. DeRieux
Daymon Jeffrey Rambin
Capshaw DeRieux LLP
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999
Longview, TX 75606-3999

Attorneys for Plaintiff
ACHATES REFERENCE
PUBLISHING, INC.

Michael Cukor
Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Vincent E. McGeary
Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310

      /s/ Khoa Nguyen